IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40843
Conference Calendar

_____


THOMAS EDWARD RODRIGUEZ,

                                        Plaintiff-Appellant,


versus

WILLIAM R. WATTS ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-605
- - - - - - - - - -
June 17, 1997
Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Thomas Edward Rodriguez, Texas prisoner #553119, filed a
civil rights complaint under 42 U.S.C. § 1983 against numerous
officials of the Texas Department of Criminal Justice -
Institutional Division (TDCJ-ID).  On appeal Rodriguez argues
that the district court abused its discretion by dismissing as
frivolous his claim that the prison officials violated his due
process rights by not classifying him as a Level 1 prisoner.  See

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

28 U.S.C. § 1915(e)(2)(B)(i); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (citation omitted). As Rodriguez did not allege that a liberty or property interest protected by the due process clause, the district court did not err in dismissing his claim. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 116 S. Ct. 1690 (1996); see also Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988)(an inmate has neither a protected property nor liberty interest in his custody classification).

Rodriguez's appeal is without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). We caution Rodriguez that future frivolous civil suits and appeals filed by him or on his behalf will invite the imposition of sanctions. Rodriguez is cautioned further to review any pending suits and appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED. 5th Cir. R. 42.2.